















BJR   2/21/01   14:24

3:01-CV-00285   FERNANDES GUITARS V. MUSIC GROUND

*1*

*NTCREM.*

1 | NANCY O. DIX (Bar No. 129150)
JOHN M. KIM (Bar No. 188997)
2 | ROBERT J. HICKS (Bar No. 204992)
**GRAY CARY WARE & FREIDENRICH LLP**
3 | 401 B Street, Suite 1700
San Diego, CA  92101-4297
4 | Tel: 619-699-3492
Fax: 619-236-1048

*B. Reed*

DEPUTY

5 |
Attorneys for Defendants
6 | MUSIC GROUND and RICHARD HARRISON

7 |

8 | UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | '01 CV 0285 JM (POR)

11 | FERNANDES GUITARS, INC. a       CV No. _____
California Corporation,
12 |                                **NOTICE OF REMOVAL OF CIVIL ACTION**
            Plaintiff,          **UNDER 28 U.S.C. § 1441 (DIVERSITY**
13 |                                **OF CITIZENSHIP AND FEDERAL**
        v.                      **QUESTION)**
14 |
MUSIC GROUND, RICHARD
15 | HARRISION, HIWATTSTORY.COM,
PETER MARTIN, DAVID STRELZ,
16 | VINTAGE GUITARS, INC. a North
Dakota Corporation, ALAN
17 | GREENWOOD, and DOES 1 to 100,
inclusive,
18 |
            Defendants.
19 |

20 | TO THE JUDGES AND CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL

21 | PARTIES AND THEIR ATTORNEYS OF RECORD:

22 |     PLEASE TAKE NOTICE that Defendant RICHARD HARRISON, a

23 | citizen of England domiciled in South Yorkshire, England, and

24 | Defendant MUSIC GROUND, a private company owned and operated by

25 | Defendant RICHARD HARRISON with its principal place of business

26 | in England, hereby remove the above-entitled state court action,

27 | Case No. GIC 760486, from the Superior Court of the State of

28 | California, County of San Diego, to the United States District

-1-

GRAY CARY WARE
& FREIDENRICH LLP     SD1425545.1                                    Notice of Removal

1  Court for the Southern District of California on the basis of

2  diversity of citizenship and federal question jurisdiction.  The

3  grounds for removal are as follows:

4      A.    INTRODUCTION.

5      1.    This case is hereby removed from state court to federal

6  court because there is complete diversity between Plaintiff and

7  Defendants and the amount in controversy exceeds $75,000.

8  Therefore, this Court has original jurisdiction under 28 U.S.C.

9  § 1332.  In addition or in the alternative, this case is hereby

10  removed to federal court because this court has original

11  jurisdiction under 28 U.S.C. § 1331 in that it arises under the

12  Lanham Act (15 U.S.C. §§ 1051-1127).

13      B.    THE STATE COURT ACTION.

14      2.    On or about January 9, 2001, Plaintiff filed a

15  Complaint (hereinafter "Complaint") in the Superior Court of the

16  State of California in and for the County of San Diego entitled

17  "Fernandes Guitars International, Inc., a California Corporation

18  v. Music Ground, Richard Harrison, Hiwattstory.com, Peter Martin,

19  David Strelz, Vintage Guitars, Inc., a North Dakota Corporation,

20  and DOES 1 to 100," Case No. GIC 760486.  A copy of the Summons

21  and Complaint in that action are attached hereto as Exhibits A

22  and B, respectively.

23      3.    The first date upon which Defendants RICHARD HARRISON

24  and MUSIC GROUND received a copy of said Complaint was

25  January 19, 2001, when Defendant RICHARD HARRISON, individually

26  and on behalf of MUSIC GROUND, was personally served with a copy

27  of the Complaint and Summons from the said state court.

28

-2-

4.    Accordingly, this removal petition is timely filed within thirty days of Defendants RICHARD HARRISON and MUSIC GROUND's receipt of the Summons and Complaint.

5.    Exhibit C hereto is a true and correct copy of the Notice of Case Assignment in Case No. GIC 760486.    Exhibit D hereto is a true and correct copy of the San Diego Superior Court's "Stipulation/Order For Court-Ordered Mediation" in Case No. GIC 760486.    Exhibit E hereto is a true and correct copy of Plaintiff's Proof of Service of summons and complaint on Defendant RICHARD HARRISON in Case No. GIC 760486.    Exhibit F hereto is a true and correct copy of Plaintiff's Proof of Service of summons and complaint on Defendant MUSIC GROUND in Case No. GIC 760486.    Exhibit G hereto is a true and correct copy of the Civil Case Cover Sheet in Case No. GIC 760486.    Exhibits A through G constitute all the process, pleadings, orders and other documents in Case No. GIC 760486 known to Defendants.    No other pleadings or papers have been served.

C.    BASIS FOR DIVERSITY JURISDICTION.

6.    This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

7.    Defendants RICHARD HARRISON and MUSIC GROUND are informed and believe and thereon alleges that Plaintiff was at the time of the filing of this action, and still is, a

-3-

1  corporation incorporated and existing under the laws of
2  California with its principal place of business in North
3  Hollywood, California.  Defendant RICHARD HARRISON was, at the
4  time of the filing of this action, and still is, an a citizen of
5  England domiciled in South Yorkshire, England.  Defendant MUSIC
6  GROUND was, at the time of filing of this action, and still is, a
7  private company owned and operated by Defendant RICHARD HARRISON
8  with its principal place of business in England.  Defendants
9  RICHARD HARRISON and MUSIC GROUND are informed and believe and
10 thereon allege that, at the time of filing of this action,
11 Defendant HIWATTSTORY.COM was, and still is, an internet web-site
12 owned, managed and operated out of Reno, Nevada.  Defendants
13 RICHARD HARRISON and MUSIC GROUND are informed and believe and
14 thereon allege that Defendant DAVID STRELZ was, at the time of
15 filing of this action, and still is, a citizen of Nevada.
16 Defendants RICHARD HARRISON and MUSIC GROUND are informed and
17 believe and thereon allege that Defendant PETER MARTIN was, at
18 the time of filing of this action, and still is, a citizen of
19 Nevada. Defendants RICHARD HARRISON and MUSIC GROUND are informed
20 and believe and thereon allege that Defendant VINTAGE GUITARS,
21 INC. was, at the time of filing of this action, and still is, a
22 corporation organized under the laws of the State of North Dakota
23 and with its principal place of business in Bismark, North
24 Dakota.  Defendants RICHARD HARRISON and MUSIC GROUND are
25 informed and believe and thereon allege that Defendant ALAN
26 GREENWOOD is a citizen of North Dakota.
27      8.The matter in controversy exceeds the sum or value of
28 $75,000, exclusive of interest and costs.  (See, e.g.,

-4-

1  paragraphs 35 of the Complaint, where Plaintiff alleges damages

2  of $1,000,000.00, and paragraph 72, where Plaintiff alleges

3  damages in amount of "no less than $1,000,000" plus interest.)

4      D.   <u>BASIS FOR FEDERAL QUESTION JURISDICTION</u>

5      9.   This action is a civil action of which this court has

6  original jurisdiction under 28 U.S.C. § 1331, and is one which

7  may be removed by this Court by Defendants RICHARD HARRISON and

8  MUSIC GROUND pursuant to the provisions of 28 U.S.C. § 1441(b) in

9  that it arises under the Lanham Act (15 U.S.C. § 1051-1127).

10 (*See, e.g.*, paragraph 8 of the Complaint where Plaintiff alleges

11 "This action arises under the Lanham Act".)

12     10.   Defendants VINTAGE GUITARS, INC. and ALAN GREENWOOD

13 consent to removal and have signed the joinders in notice of

14 removal filed concurrently herewith.  Defendants RICHARD HARRISON

15 and MUSIC GROUND are informed and believe and thereon allege that

16 as of the date of the filing of this motion, Defendants PETER

17 MARTIN, DAVID STRELZ and HIWATTSTORY.COM have not been served

18 with a summons or complaint in this action and have not joined in

19 this Notice of Removal. *Salveson v. Western States Banking*

20 *Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (those named as

21 defendants but not yet served need not join the notice of

22 removal).

23 /////

24 /////

25 /////

26 /////

27 /////

28 /////

-5-

1       Accordingly, Defendants RICHARD HARRISON and MUSIC GROUND

2   respectfully request that this action now pending against it in

3   the Superior Court of the State of California, County of San

4   Diego, be removed to this Court and that this action be placed

5   upon the docket of this Court for further proceedings as though

6   originally instituted in this Court.

7   Dated:   February 20, 2001

8                       GRAY CARY WARE & FREIDENRICH LLP

9

10                      By_____

11                      NANCY O. DIX
                        JOHN M. KIM

12                      ROBERT J. HICKS
                        Attorneys for Defendants
                        RICHARD HARRISON and MUSIC

13                      GROUND

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

MICHAEL E. MOORE, Esq. (SBN 182554)
3900 Fifth Avenue, Suite 310
San Diego, California 92103
Telephone:   (619) 291-9644
Facsimile:   (805) 233-8925

Attorney for Plaintiff:
FERNANDES GUITARS INTERNATIONAL, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| FERNANDES GUITARS INTERNATIONAL, INC., a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　Vs.<br><br>MUSIC GROUND, RICHARD HARRISON, HIWATTSTORY.COM, PETER MARTIN, DAVID STRELZ, VINTAGE GUITARS, INC. a North Dakota Corporation, ALAN GREENWOOD, and DOES 1 TO 100 inclusive.<br><br>　　　　Defendants. | Case No.:  **GIC  750496**<br><br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1) Trade Libel**<br>**(2) Trademark Infringement**<br>**(3) Violation of Business and**<br>**　　Professions Code Section 17200**<br>**(4) Intentional Interference with**<br>**　　Prospective Economic Advantage**<br>**(5) Negligent Interference with Prospective**<br>**　　Economic Advantage**<br>**(6) Conspiracy** |

　　　　1.　　　　Plaintiff is, and at all times mentioned herein was a corporation duly incorporated and existing under the laws of the State of California with its principal place of business in North Hollywood, California.

　　　　2.　　　　Defendant Music Ground is, and at all times mentioned herein was a business entity, form unknown, with its principal place of business in England.

<div align="center">1</div>

3.      Defendant Richard Harrison is and at all times mentioned herein was doing business as Music Ground and/or the owner and operator of defendant Music Ground, and on information and belief a resident of England.

4.      Defendant Hiwattstory.com is, and at all times mentioned herein was a business entity, form unknown, with it principal place of business in Reno, Nevada.

5.      Defendant Peter Martin is, and at all times mentioned herein was the agent, officer, owner, operator of defendant Hiwattstory.com, and on information and belief a resident of Reno, Nevada.

6.      Defendant David Strelz is, and at all times mentioned herein was the agent, officer, owner, operator of defendant Hiwattstory.com and on information and belief a resident of Reno, Nevada.

7.      Defendant Vintage Guitar, Inc. is, and at all times mentioned herein was a corporation organized under the laws of the State of North Dakota, with its principal place of business in Bismark, North Dakota.

8.      This action arises under the Lanham Act, Act of July 5, 1946, 60 Stat. 427, USC, Title 15, Sections 1051-1127.  Jurisdiction is vested in this Court by virtue of 15 U.S.C. § 1121 and 28 U.S.C. § 1338.  No defendant resides in the State of California, therefore, pursuant to Civil Code of Procedure section 395(a).

9.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES I - 100 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend the complaint to allege their true names and capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is

2

**COMPLAINT FOR DAMAGES**

EXHIBIT

responsible in some manner for the occurrences herein alleged, and that plaintiff's injuries herein alleged were proximately caused by their conduct

10    Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the defendants are, and/or were at all times relevant to this Complaint, the agents. employees. representatives. joint venturers. partners, associates, predecessors or successors in interest, conspirators, or the alter egos of one another, acting within the course. scope, and authority of said relationship or in said capacity or with the knowledge and consent of its/his/her/their principal and/or employer.

## BACKROUND FACTS

11    Established in October 1992 as a wholly owned subsidiary of a Japanese Corporation, Fernandes Company LTD Corporation aka Kabushiki Kaisha Fernandes Guitars, plaintiff manufactures, imports, exports, and distributes musical instruments and amplifiers in the United States and abroad

12    At all material times herein, plaintiff has been and is engaged in the manufacture and interstate wholesale distribution of musical instruments, including amplifiers under the trademark "HIWATT."

13.    Plaintiff first adopted and used the trade mark "HIWATT" to identify its goods on or about October 1986.

14    Hiwatt Equipment Limited registered "HIWATT" as its trademark in the United States Patent and Trademark Office on January 20, 1981 under United States Trademark Registration No. 1,146,061  On or about September 8, 1986 said trademark was assigned to Fernandes Company LTD corporation  Plaintiff and its parent company own the registration,

3

which is and continues to be in full force and effect. Plaintiff displays the registration symbol ®

with its trademark.

15.    At all material times herein, plaintiff has been and is engaged in the manufacture

and interstate wholesale distribution of musical instruments, including amplifiers under the

trademark "BULLDOG".

16.    Plaintiff first adopted and used the trade mark "BULLDOG" to identify its goods

on or about July 1995.

17.    Plaintiff registered "BULLDOG" as its trademark in the United States Patent and

Trademark Office on October 1, 1996 under United States Trademark Registration No. 2005047.

Plaintiff and its parent company own the registration, which is and continues to be in full force

and effect. Plaintiff displays the registration symbol ® with its trademark.

18.    Plaintiff and/or its parent have been selling their musical instruments and amplifiers

to various retailers throughout North America, South America, Asia and Europe since 1986. In

addition, plaintiff and/or its parent distributes catalogs, promotional items to famous musical

performers, advertises on the internet, advertises in trade magazines, and attends trade shows

throughout the United States, promoting the sale of the full line of products bearing plaintiff's

trade marks "HIWATT" and "BULLDOG" since 1986 and 1996 respectively.

19.    Plaintiff's musical instruments and amplifier's have been and continue to be

extensively advertised and sold throughout the United States and the world, including California,

under the trademark "HIWATT" and "BULLDOG". By virtue of advertising and sales, together

with consumer acceptance and recognition, plaintiff's mark identifies plaintiff's musical

instruments and amplifiers only, and distinguishes them from amplifiers manufactured and sold by

**COMPLAINT FOR DAMAGES**

others. Plaintiff's mark has thus become and is a valuable asset symbolizing plaintiff, its quality goods and its goodwill.

20      Plaintiff is informed and believes, and thereon alleges, that defendants Music Ground and Richard Harrison, with at least constructive notice of plaintiff's ownership of the trademark "HIWATT", owns and has operated a manufacturing plant, distribution center, retail music store, and internet site under the name Music Ground in South Yorkshire, England for at least three years.  Furthermore, defendants Music Ground and Richard Harrison, through their internet website, solicit customers and enter into contracts with residents of the United States through knowing and repeated transmission of computer files on the internet.

21      Plaintiff is informed and believes, and thereon alleges, that defendants Music Ground and Richard Harrison use the name "HIWATT" on its store front, advertisements, sales receipts, internet homepage, internet domain name, amplifiers and other musical items.

22      Plaintiff is informed and believes, and thereon alleges, that defendants Music Ground and Richard Harrison's name, "HIWATT", is exactly the same as plaintiff's registered trademark.  Defendants use the name "HIWATT" in interstate commerce or a manner substantially affecting interstate commerce in connection with the sale, offering for sale, distribution, and advertising of its amplifiers and other musical instruments.  As such, defendants' use of the name "HIWATT" is likely to cause confusion, mistake, or deception among consumers as to the source, quality, and nature of defendants' goods.

23      On or about November 5, 1997, plaintiff, by letter, advised defendants Music Ground and Richard Harrison of plaintiff's ownership of both the trademark "HIWATT" and the registration therefor, and requested defendants to immediately cease and desist from further use of

**COMPLAINT FOR DAMAGES**
EXHIBIT

the name "HIWATT" in connection with their products and product advertisements. Defendants have failed and refused, and continue to fail and refuse, to comply with plaintiff's request.

24. Defendants Hiwattstory.com, Peter Martin, and Dave Strelz operate and maintain an internet site which publishes information concerning plaintiff's products and the use of plaintiff's trademark on said products. Said internet site states and/or implies that defendants Music Ground and Richard Harrison are the manufactures of HIWATT products and own the trademark "HIWATT" in the United Kingdom and Europe and that plaintiff is merely a distributor of amplifiers bearing plaintiff's trademark "HIWATT". On information and belief plaintiff alleges defendants have published these false statements with the intent to disparage the quality of property and induce others not to deal with the plaintiff, which causes the plaintiff actual pecuniary damage.

25. Plaintiff is informed and believes, and thereon alleges, that defendant Dave Strelz, with at least constructive notice of plaintiff's ownership of the trademark "BULLDOG", has registered the internet domain name "bulldogamps.com".

26. Defendants Vintage Guitar, Inc. and Alan Greenwood own, operate, control, and publish Vintage Guitar magazine, a magazine circulated throughout the United States, including but not limited the State of California.

27. Plaintiff is informed and believes, and thereon alleges, that defendants Vintage Guitar, Inc. and Alan Greenwood, with at least constructive notice of plaintiff's ownership of the trademark "HIWATT", publish advertisements on behalf of defendants Music Ground and Richard Harrison stating and/or implying said defendants own the trademark "HIWATT". On several occasions, plaintiffs and their attorney of record have notified defendants Vintage Guitar,

**COMPLAINT FOR DAMAGES**

Inc. and Alan Greenwood: 1) Plaintiff is the owner of the trademark "HIWATT", along with a copy of the trademark registrary; 2) to cease and desist publication of any articles and/or advertisements which characterize any person other than plaintiff as the owner of the trademark "HIWATT", and 3) that plaintiff is the only company authorized to manufacture, produce, distribute, and sale musical instruments, specifically amplifiers bearing the trademark "HIWATT" in the United States.

     28.    Despite plaintiffs notification and demand to cease and desist said conduct, defendants Vintage Guitar, Inc. and Alan Greenwood, continue to publish advertisements from defendants Music Ground and Richard Harrison, resulting in confusion, mistake, or deception among consumers as to the source, quality, and nature of plaintiff's goods. Furthermore, defendants Music Ground and Richard Harrison, through their campaign in defendant Vintage Guitar, Inc 's and Alan Greenwood's magazine Vintage Guitar, solicit dealers, customers, and enter into contracts with residents of California and other parts of the United States.

     29.    Plaintiff is informed and believes and thereon alleges that as a proximate result of advantage accruing to defendants' Music Ground and Richard Harrison business from plaintiff's nationwide advertising, sales, and consumer recognition, and as a proximate result of confusion or deception or mistake or combination thereof caused by defendants' wrongful advertising and sale of its goods, as hereinabove alleged, bearing the name "HIWATT", defendant has made substantial sales and profits in the approximate amount of $1,000,000.00.

/ / /

/ / /

/ / /

**COMPLAINT FOR DAMAGES**

EXHIBIT

### FIRST CAUSE OF ACTION

(Against All Defendants for Trade Libel)

29      Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 28, inclusive, as though fully set forth herein.

30      From 1996 through present, plaintiff was the owner of certain business goods located in the County of Los Angeles, State of California, more particularly described as follows: musical instruments and amplifiers bearing plaintiff's trademarks "HIWATT" and/or "BULLDOG".

31      From 1997 through present defendants, and each of them, have and continue to willfully, without justification, and without privilege publish, or cause to be published, communicate or cause to be communicated to other persons through magazine advertisements and articles, internet advertisements and articles, email correspondence, and oral statements including but not limited to plaintiff is not the owner of the trademark "HIWATT", plaintiff is not the manufacture of musical instruments and amplifiers bearing the trademark "HIWATT", that plaintiff is merely a distributor of musical instruments and amplifiers bearing the trademark "HIWATT".

32.      The defendants' statements were made of and concerning the plaintiff's above-described business goods and were so understood by those who read the statements.

33.      The defendants' statements disparaged plaintiff's above-described business goods in that the defendants' statements are false; plaintiff owns the trademark "HIWATT", and manufactures amplifiers bearing the name "HIWATT".

8

**COMPLAINT FOR DAMAGES**

EXHIBIT _____1_____ PAGE ____7____

34.    The defendants' statements were false.

35.    As a proximate result of defendants' publication of the statements, prospective customers have been deterred from buying plaintiff's above-described business goods and from otherwise dealing with plaintiff, and plaintiff has thereby suffered injury to his business and pecuniary loss in the sum of $1,000,000.00

36.    Furthermore, defendant's words were motivated by oppression or fraud or malice on the part of the defendant in that each of the defendants knew at the time they made said statements, each statement was false and made said false statements with the intent to disparage plaintiff's trade name and to deter current and potential customers from dealing with plaintiff, therefore, justifying the awarding of exemplary and punitive damages.

## SECOND CAUSE OF ACTION

(Against All Defendants - Trademark Infringement)

37.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 28, inclusive, as though fully set forth herein.

38.    At all material times herein, plaintiff has been and is engaged in the manufacture and interstate wholesale distribution of musical instruments, including amplifiers under the trademarks "HIWATT" and "BULLDOG."

39.    Plaintiff first adopted and used the trademark "HIWATT" to identify its goods on or about October 1986 and the trademark "BULLDOG" on or about October 1996.

40.    Hiwatt Equipment Limited registered "HIWATT" as its trademark in the United States Patent and Trademark Office on January 20, 1981 under United States Trademark Registration No. 1,146,061. On or about September 8, 1986 said trademark was assigned to

9

**COMPLAINT FOR DAMAGES**

EXHIBIT _____ PAGE _____

Fernandes Company LTD corporation. Plaintiff and its parent company own the registration, which is and continues to be in full force and effect. Plaintiff displays the registration symbol ® with its trademark. Plaintiff registered "BULLDOG" as its trademark in the United States Patent and Trademark Office on October 1, 1996 under United States Trademark Registration No. 2005047. Plaintiff and its parent company own the registration, which is and continues to be in full force and effect. Plaintiff displays the registration symbol ® with its trademark.

41.     Plaintiff and/or its parent have been selling their musical instruments and amplifiers to various retailers throughout North America, South America, Asia and Europe since 1986. In addition, plaintiff and/or its parent distributes catalogs, promotional items to famous musical performers, advertises on the internet, advertises in trade magazines, and attends trade shows throughout the United States, promoting the sale of the full line of products bearing plaintiff's trade marks "HIWATT" and "BULLDOG" since 1986 and 1996 respectively.

42.     Plaintiff's musical instruments and amplifier's have been and continue to be extensively advertised and sold throughout the United States and the world, including California, under the trademark "HIWATT" and "BULLDOG". By virtue of advertising and sales, together with consumer acceptance and recognition, plaintiff's mark identifies plaintiff's musical instruments and amplifiers only, and distinguishes them from amplifiers manufactured and sold by others. Plaintiff's mark has thus become and is a valuable asset symbolizing plaintiff, its quality goods and its goodwill.

43.     Plaintiff is informed and believes, and thereon alleges, that defendants Music Ground and Richard Harrison, with at least constructive notice of plaintiff's ownership of the trademark "HIWATT", owns and has operated a manufacturing plant, distribution center, retail

10

**COMPLAINT FOR DAMAGES**

music store, and internet site under the name Music Ground in South Yorkshire, England for at least three years.   Furthermore, defendants Music Ground and Richard Harrison, through their internet website, solicit customers and enter into contracts with residents of the United States through knowing and repeated transmission of computer files on the internet.

44    Plaintiff is informed and believes, and thereon alleges, that defendants Music Ground and Richard Harrison use the name "HIWATT" on its store front, advertisements, sales receipts, internet homepage, internet domain name, amplifiers and other musical items.

45.    Plaintiff is informed and believes, and thereon alleges, that defendants Music Ground and Richard Harrison's name, "HIWATT", is exactly the same as plaintiff's registered trademark.  Defendants use the name "HIWATT" in interstate commerce or a manner substantially affecting interstate commerce in connection with the sale, offering for sale, distribution, and advertising of its amplifiers and other musical instruments.  As such, defendants' use of the name "HIWATT" is likely to cause confusion, mistake, or deception among consumers as to the source, quality, and nature of defendants' goods.

46.    On or about November 5, 1997, plaintiff, by letter, advised defendants Music Ground and Richard Harrison of plaintiff's ownership of both the trademark "HIWATT" and the registration therefor, and requested defendants to immediately cease and desist from further use of the name "HIWATT" in connection with their products and product advertisements.  Defendants have failed and refused, and continue to fail and refuse, to comply with plaintiff's request.

47    Plaintiff is informed and believes, and thereon alleges, that defendant Dave Strelz, with at least constructive notice of plaintiff's ownership of the trademark "BULLDOG", has

11

**COMPLAINT FOR DAMAGES**

EXHIBIT _____ PAGE _____

registered the internet domain name "bulldogamps.com" with the intent to disparage plaintiff's trademark and sell counterfeit amplifiers bearing the trademark "BULLDOG".

48.    Plaintiff is informed and believes, and thereon alleges, that defendants Vintage Guitar, Inc. and Alan Greenwood, with at least constructive notice of plaintiff's ownership of the trademark "HIWATT", publish advertisements on behalf of defendants Music Ground and Richard Harrison stating and/or implying said defendants own the trademark "HIWATT".  On several occasions, plaintiffs and their attorney of record have notified defendants Vintage Guitar, Inc. and Alan Greenwood: 1) Plaintiff is the owner of the trademark "HIWATT", along with a copy of the trademark registrary; 2) to cease and desist publication of any articles and/or advertisements which characterize any person other than plaintiff as the owner of the trademark "HIWATT"; and 3) that plaintiff is the only company authorized to manufacture, produce, distribute, and sale musical instruments, specifically amplifiers bearing the trademark "HIWATT" in the United States.

49.    Despite plaintiffs notification and demand to cease and desist said conduct, defendants Vintage Guitar, Inc. and Alan Greenwood, continue to publish advertisements from defendants Music Ground and Richard Harrison, resulting in confusion, mistake, or deception among consumers as to the source, quality, and nature of plaintiff's goods.  Furthermore, defendants Music Ground and Richard Harrison, through their campaign in defendant Vintage Guitar and Alan Greenwood's magazine Vintage Guitar, solicit dealers, customers, and enter into contracts with residents of California and other parts of the United States.

50.    Wherefore, plaintiff prays for relief as set forth below.

<center>12</center>

<center>**COMPLAINT FOR DAMAGES**</center>

EXHIBIT____B____ PAGE____/3____

## THIRD CAUSE OF ACITON

(Against All Defendants for Unfair Competition under

Business and Professions Code Section 17200)

51    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 50, inclusive, as though fully set forth herein.

52    Plaintiff has standing to sue for violation of California Business & Professions Code Section 17200 as a private person on behalf of itself pursuant to California Business and Professions Code Section 17201.

53    The aforementioned acts of defendants constitute unlawful, unfair, and fraudulent business acts under Section 17200 of the California Business and Professions Code

54    As plaintiff's remedy for the said defendants' acts, plaintiff is entitled to restoration of money and property acquired by defendants as set forth below.

## FOURTH CAUSE OF ACTION

(Against All Defendants - Intentional Interference with Prospective Economic Advantage )

55    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 54, inclusive, as though fully set forth herein.

56    Plaintiff has developed a large base of customers and a large source of good will as a manufacturer and distributor of amplifiers and related products.

57    Defendants were fully aware of plaintiff's economic relationships with its regular customers and economic advantage with its prospective customers.

58    Defendants knowingly and willfully used the aforementioned wrongful and deceptive methods to interfere with plaintiff's economic advantage.  Defendants engaged in

13

**COMPLAINT FOR DAMAGES**

EXHIBIT ____ PAGE____

aforementioned deceptive and misleading acts to disrupt plaintiff's business and to deter regular and prospective customers from purchasing amplifiers and related products from plaintiff and deprive plaintiff of sales.

59.    As a direct and proximate result of their conduct, plaintiff's existing and prospective customers stopped placing orders for plaintiff's amplifiers and related products. Thus, plaintiff is entitled to recover from defendants the gains, profits and advantage they have obtained as a result of their aforementioned conduct.

60.    The exact amount of such gains, profits and advantage plus legal interest thereon will be determined according to proof at trial.

61.    The aforementioned acts of defendants were oppressive, fraudulent and malicious. Therefore, plaintiff is entitled to punitive damages.

62.    Wherefore, plaintiff prays for relief as set forth below.

### FIFTH CAUSE OF ACTION

(Against All Defendants - Negligent Interference with Prospective Economic Advantage)

63.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 54, inclusive, as though fully set forth herein.

64.    Plaintiff supplied its amplifiers and related products to retailers of musical instruments, many of whom regularly placed orders with plaintiff.

65.    Defendants were fully aware of plaintiff's economic advantage, since each defendant has had at least constructive notice of said advantage. Defendants thus owed a duty of care, and it was clearly foreseeable that their aforementioned conduct would adversely affect plaintiff's business.

**COMPLAINT FOR DAMAGES**

EXHIBIT _____ PAGE _____

64.    Defendants were negligent in committing the aforementioned acts to interfere with plaintiff's prospective economic advantage.  Defendants' aforementioned negligent acts disrupted plaintiff's business and deterred regular and prospective customers from purchasing amplifiers and related products from plaintiff and deprive plaintiff of sales.

65.    As a direct and proximate result of the aforementioned negligent conduct, plaintiff is entitled to recover from defendants the gains, profits and advantage they have obtained as a result of their aforementioned conduct.

66.    The exact amount of such gains, profits and advantage plus legal interest thereon will be determined according to proof at trial.

67    Wherefore, plaintiff prays for relief as set forth below.

### SIXTH CAUSE OF ACTION

(Against All Defendants - Conspiracy)

68.    Plaintiff realleges and incorporates herein by this reference paragraphs 1 through 54, inclusive, as though fully set forth herein.

69    Unbeknownst to plaintiff, defendants entered into an agreement to disparage plaintiff's trademarks "HIWATT" and "BULLDOG", and to disseminate deceptive information concerning plaintiff's products bearing the trademarks "HIWATT" and "BULLDOG."  As a result of said agreement, defendants, and each of them, have undertaken a campaign, through various forms of media, to disparage plaintiff's trademarks "HIWATT" and "BULLDOG" and deceive plaintiff's customers and potential customers.

70.    Defendants also agreed to misappropriate plaintiff's customers in order to sell their counterfeit products to plaintiff's customers.  While fully aware of the existence of the economic

**COMPLAINT FOR DAMAGES**

EXHIBIT_____ PAGE_____

relationship between plaintiff and its customers and plaintiff's prospective economic advantage, defendants knowingly and willfully entered into an agreement to use the aforementioned wrongful and deceptive methods to interfere with plaintiff's economic relationships and prospective economic advantage with the intent to deter customers and prospective customers from purchasing amplifiers and related products from plaintiff and deprive plaintiff of sales.

71.    Thereafter, defendants followed through with their agreements described herein by committing the wrongful and tortuous acts above described.

72.    As a proximate result of the aforementioned conspiratorial acts of defendants, plaintiff has been damaged in the sum of no less than $1,000,000.00, the exact amount plus legal interest thereon to be determined according to proof at trial.

73.    The aforementioned acts of defendants were oppressive, fraudulent and malicious. Plaintiff is therefore entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1.    For monetary damages plus legal interest thereon to be determined according to proof at trial;

2.    For punitive damages in an amount appropriate to punish and deter defendants;

3.    For all of defendant's profits derived from its infringement of plaintiff's trademark;

4.    For three times the amount of plaintiff's actual damages caused by defendant's infringement of plaintiff's trade mark;

5.    For reasonable attorneys' fees incurred in connection with this action;

16

**COMPLAINT FOR DAMAGES**

EXHIBIT  

6.    For costs of suit incurred herein.

7.    For such other and further relief as the court may deem proper.

Dated  January 8, 2001                          LAW OFFICES OF MICHAEL E. MOORE


By: _____
         MICHAEL E. MOORE
         Attorney for Plaintiff,
         FERNANDES GUITARS
         INTERNATIONAL, INC.

17

**COMPLAINT FOR DAMAGES**

**NOTICE TO DEFENDANT:** *(Aviso cusado)*

MUSIC GROUND, RICHARD HARRISON, HIWATTSTORY.COM, PETER MARTIN, DAVID STRELZ, VINTAGE GUITARS, a North Dakota Corporation, ALAN GREENWOOD, and DOES 1 TO 100.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(A Ud. le está demandando)*

FERNANDES GUITARS INTERNATIONAL, INC., a California Corporation

| | |
|---|---|
| You have **30 CALENDAR DAYS** after this Summons is served on you to file a typewritten response at this court. | Después de que le entreguen esta citación judicial usted tiene un plazo de **30 DIAS CALENDARIOS** para presentar una respuesta escrita a máquina en esta corte. |
| A letter or phone call will not protect you; your typewritten response must be in proper legal form if you want the court to hear your case. | Una carta o una llamada telefónica no le ofrecerá protección; su respuesta escrita a máquina tiene que cumplir con las formalidades legales apropiadas si usted quiere que la corte escuche su caso. |
| If you do not file your response on time, you may lose the case, and your wages, money and property may be taken without further warning from the court. | Si usted no presenta su respuesta a tiempo, puede perder el caso, y le pueden quitar su salario, su dinero y otras cosas de su propiedad sin aviso adicional por parte de la corte. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book). | Existen otros requisitos legales. Puede que usted quiera llamar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de referencia de abogados o a una oficina de ayuda legal (vea el directorio telefónico). |

The name and address of the court is *(El nombre y dirección de la corte es)*

CASE NUMBER *(Número del Caso)*
**GIC 759486**

San Diego Superior Court, Central Division
222 W. Broadway Street
San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*

Law Offices of Michael E. Moore          (619)291-9644
3900 Fifth Avenue, Suite 310
San Diego, CA 92103

DATE JAN 09 2001          Clerk, by *Wynnie S. Abella*, Deputy
*(Fecha)*                  *(Actuario)*  WYNNIE S. ABELLA          *(Delegada)*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)
       ☐ other:
4. ☐ by personal delivery on *(date)*:

Form Adopted by Rule 982
Judicial Council of California
982(a)(9)[Rev. January 1, 1984]
*(See reverse for proof of Service)*
**SUMMONS**
2000 (C) American LegalNet, Inc.
CCP 412.20

EXHIBIT A

02/10/2001 SAT 04:04 [TX/RX NO 9295] @003
02/12/2001 MON 10:12 [TX/RX NO 7202]

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
## INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

**TO:**
MICHAEL E MOORE

**FILE COPY**

---

| | |
|---|---|
| FERNANDES GUITARS INTERNATIONAL INC | Case No.:   GIC760486 |
| Plaintiff(s) | **NOTICE OF CASE ASSIGNMENT** |
| vs. | |
| MUSIC GROUND | Judge:   SHERIDAN REED |
| | Department:  68 |
| Defendant(s) | Phone:   619-685-6026 |
| | This case IS eligible to participate in a pilot mediation program. |

**COMPLAINT FILED** 01/09/01

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SUPCT CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 5.6)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 5.7)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 5.8)

**CASE MANAGEMENT CONFERENCE:** A Case Management Conference will be set within 150 days of filing the complaint.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN MEDIATION OR ARBITRATION PURSUANT TO CCP 1730 OR 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO MEDIATION UNDER THE MEDIATION PILOT PROGRAM, OR TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SUPCT CIV-357 OR 358 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

### CERTIFICATE OF SERVICE

I, STEPHEN THUNBERG, certify that: I am not a party to the above entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at SAN DIEGO California.

Dated: 01/09/01

STEPHEN THUNBERG          Clerk of the Superior Court

by S. BRISTOW, Deputy Clerk

SDSC CIV-721(Rev 3-00)          **ASG-NOTICE OF CASE ASSIGNMENT**

# SUPERIOR COU OF CALIFORNIA, COUNT OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

**TO:**

MICHAEL E MOORE
LAW OFFICES OF MICHAEL E MOORE
924 ANACAPA STREET SUITE 3K
SANTA BARBARA, CA  93101

---

| FERNANDES GUITARS INTERNATIONAL INC | Case No.: **GIC760486** |
|---|---|
| Plaintiff(s) | ## STIPULATION/ORDER FOR COURT-ORDERED MEDIATION |
| vs. | Judge: **SHERIDAN REED** |
| MUSIC GROUND | Department: **68** |
| Defendant(s) | Trial Date: _____ |
|  | Early CMC Date: _____ |

THIS STIPULATION IS ONLY TO BE USED BY PARTIES IN CASES ASSIGNED TO DEPARTMENTS PARTICIPATING IN THE NEW MEDIATION PILOT PROGRAM.

In order to cause the Early Case Management Conference to be taken off calendar, you must select a mediator and an alternate prior to filing the stipulation.  Incomplete stipulations will not be accepted.

All parties stipulate that the case is At Issue and the matter will be mediated within 60 calendar days of the date the stipulation/order is signed by the judge.  The parties further represent to the Court and stipulate to the following:

That _____ be appointed as the mediator, and the mediator has agreed to accept the appointment and to conclude the mediation within the time specified.

That _____ is an alternate selection.

Parties must contact the mediator to schedule the mediation session within two court days after the stipulation is filed or the case ordered to mediation.

| Date | Type or Print Name | Signature of Party or Attorney for Party |
|---|---|---|
| Date | Type or Print Name | Signature of Party or Attorney for Party |
| Date | Type or Print Name | Signature of Party or Attorney for Party |

(Attach another sheet if additional names are necessary)

It is the duty of the parties to notify the court of any settlement pursuant to Rule 225 of the California Rules of Court. Upon notification of the settlement, the court will place the matter on a 45 day dismissal calendar.

A list of court-approved mediators is located in the Arbitration/Mediation Department at each court location and on the court's website.

PURSUANT TO THE STIPULATION, THE COURT HEREBY ORDERS THIS MATTER TO MEDIATION.  THE PARTIES AND COUNSEL ARE ORDERED TO MEDIATE THIS MATTER PURSUANT TO THE PROVISIONS OF THE MEDIATION PILOT PROGRAM.

COUNSEL SHALL CONFER WITH THE COURT-ORDERED MEDIATOR TO ENSURE TIMELY COMPLETION OF THE MEDIATION.  THE PREVIOUSLY SCHEDULED EARLY CASE MANAGEMENT CONFERENCE IS TAKEN OFF CALENDAR.

Dated: _____

_____
JUDGE/COMMISSIONER OF THE SUPERIOR COURT

SDSC CIV-729(Rev. 1-01)            EMP-STIPULATION/ORDER FOR COURT ORDERED MEDIATION

---

02/10/2001 SAT 04:28  [TX/RX NO 9299] ☑003

02/12/2001 MON 10:12  [TX/RX NO 7202]

EXHIBIT 

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|

Michael E. Moore, Esq.   (619) 200-9404
3900 Fifth Avenue, Suite 310
San Diego, CA 92103

ATTORNEY FOR *(Name)*: FERNANDES GUITARS INTERNATIONAL   Ref. No. or File No.: 182554

Insert name of court and name of judicial district and branch court, if any:
SAN DIEGO SUPERIOR COURT, CENTRAL COURT

**FILED**
BUSINESS DIVISION

JAN 29   II 04 AM '01

STEPHEN THUNBERG
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SHORT TITLE OF CASE: FERNANDES GUITARS INTERNATIONAL, INC. V. MUSIC GROUND

| PROOF OF SERVICE (Summons) | DATE | TIME | DEPT/DIV 68 | CASE NUMBER GIC 760486 |
|---|---|---|---|---|

At the time of service I was at least 18 years of age and not a party to this action, and **I served copies** of the *(specify documents)*
SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, MEDIATION STIPULATION, and NOTICE OF CASE ASSIGNMENT

2. a. Party served *(specify name of party as shown on the documents served)*:
   RICHARD HARRISON

   b. Person served: [X] party in item 2a   [ ] other *(specify name and title or relationship to the party named in item 2a)*:

   c. Address: NAMM MUSIC TRADE SHOW, Anaheim Convention Center, Anaheim, California

3. I served the party named in item 2
   a. [X] **by personally delivering** the copies  (1) on *(date)*: January 18, 2001   (2) at *(time)*: 4:40 p.m.
   b. [ ] **by leaving** the copies with or in the presence of *(name and title or relationship to person indicated in item 2b)*:

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the person served. I informed him or her of the general nature of the papers.
      (3) on *(date)*:                (4) at *(time)*:
      (5) [ ] A **declaration of diligence** is attached. *(Substituted service on natural person, minor, conservatee, or candidate.)*
   c. [ ] by mailing the copies to the person served, addressed as shown in item 2c, by first-class mail, postage prepaid,
      (1) on *(date)*:               (2) from *(city)*:
      (3) [ ] with two copies of the Notice and Acknowledgment of Receipt and a postage-paid return envelope addressed to me.
      (4) [ ] to an address outside California with return receipt requested.   *(Attach completed form.)*
   d. [ ] by causing copies to be mailed. A declaration of mailing is attached.
   e. [ ] **other** *(specify other manner of service and authorizing code section)*:

4. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [X] as an individual defendant.
   b. [ ] as the person sued under the fictitious name of *(specify)*:
   c. [ ] on behalf of *(specify)*:
      under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)          [ ] other:
             [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
             [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (individual)

5. **Person serving** *(name, address, and telephone No.)*:       a. Fee for service: $ 75.00
   Sakura Tanaka                                    b. [ ] Not a registered California process server.
   600 Front Street, #216                           c. [X] Exempt from registration under B&P § 22350(b)
   San Diego, CA 92101                              d. [ ] Registered California process server.
                                                       (1) [ ] Employee or independent contractor
                                                       (2) Registration No.:
                                                       (3) County:

6. [X] **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   [ ] **I am a California sheriff, marshal, or constable and** I certify that the foregoing is true and correct.

Date: January 29, 2001

▶ *Sakura C. Tanaka*
(SIGNATURE)

| Form Adopted by Rule 982 Judicial Council of California 982(a)(23) [New July 1, 1987] | **PROOF OF SERVICE (Summons)** | Code Civ. Proc. § 417.10(f) |
|---|---|---|

2000 (C) American LegalNet, Inc.

EXHIBIT  I

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and address)*
Michael E. Moore, Esq.    (619) 200-9404    TELEPHONE NO.
3900 Fifth Avenue, Suite 310
San Diego, CA 92103

ATTORNEY FOR *(Name)* FERNANDES GUITARS INTERNATIONAL    Ref. No. or File No  182554

FOR COURT USE ONLY

**FILED**
BUSINESS LITIGATION
JAN 29   11 04 AM '01
STEPHEN THUNBERG
CLERK SUPERIOR COURT
SAN DIEGO COUNTY

Insert name of court and name of judicial district and branch court, if any
SAN DIEGO SUPERIOR COURT, CENTRAL COURT

SHORT TITLE OF CASE  FERNANDES GUITARS INTERNATIONAL, INC. V. MUSIC
GROUND

| PROOF OF SERVICE (Summons) | DATE | TIME | DEPT./DIV. 68 | CASE NUMBER GIC 760486 |
|---|---|---|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action, and **I served copies** of the *(specify documents)*
SUMMONS, COMPLAINT, CIVIL CASE COVER SHEET, MEDIATION STIPULATION, and NOTICE OF CASE ASSIGNMENT

2. a. Party served *(specify name of party as shown on the documents served)*:
   MUSIC GROUND

   b. Person served: ☐ party in item 2a   ☒ other *(specify name and title or relationship to the party named in item 2a)*:
   RICHARD HARRISON, owner and authorized officer of defendant MUSIC GROUND

   c. Address: NAMM MUSIC TRADE SHOW, Anaheim Convention Center, Anaheim, California

3. I served the party named in item 2
   a. ☒ **by personally delivering** the copies   (1) on *(date)*: January 18, 2001   (2) at *(time)*: 4:40 p.m.
   b. ☐ **by leaving** the copies with or in the presence of *(name and title or relationship to person indicated in item 2b)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person
      served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of
      abode of the person served. I informed him or her of the general nature of the papers.

      (3) on *(date)*:    (4) at *(time)*:
      (5) ☐ A **declaration of diligence** is attached. *(Substituted service on natural person, minor, conservatee, or candidate.)*

   c. ☐ **by mailing** the copies to the person served, addressed as shown in item 2c, by first-class mail, postage prepaid,
      (1) on *(date)*:    (2) from *(city)*:
      (3) ☐ with two copies of the Notice and Acknowledgement of Receipt and a postage- paid return envelope addressed to me
      (4) ☐ to an address outside California with return receipt requested.    ➤ *(Attach completed form.)* ➤

   d. ☐ **by** causing copies to be mailed. A declaration of mailing is attached.
   e. ☐ **other *(specify other manner of service and authorizing code section)*:**

4. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify)*:
   c. ☐ on behalf of *(specify)*:
      under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)          ☐ other:
             ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
             ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (individual)

5. **Person serving** *(name, address, and telephone No.)*:
   Sakura Tanaka
   600 Front Street, #216
   San Diego, CA 92101

   a. **Fee** for service: $ 75.00
   b. ☐ Not a registered California process server.
   c. ☒ Exempt from registration under B&P § 22350(b)
   d. ☐ Registered California process server.
      (1) ☐ Employee or independent contractor
      (2) Registration No.:
      (3) County:

6. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
7. ☐ **I am a California sheriff, marshal, or constable and** I certify that the foregoing is true and correct.

Date: January 29, 2001

➤ *Sakura Tanaka* (SIGNATURE)

Form Adopted by Rule 982
Judicial Council of California
982(a)(23) [New July 1, 1987]

**PROOF OF SERVICE**
**(Summons)**
EXHIBIT

Code Civ. Proc., § 417.10(f)

2000 (C) American LegalNet, Inc.

**982 2(b)(1)**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, s number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael E. Moore, Esq.          (SBN 182554)<br>Law Offices of Michael E. Moore<br>3900 Fifth Avenue, Suite 310<br>San Diego, CA 92103<br>TELEPHONE NO. (619)291-9644      FAX NO. (619)233-8925<br>ATTORNEY FOR *(Name)*: FERNANDES GUITARS INTERNATIONAL, INC. | |

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY.

SAN DIEGO SUPERIOR, CENTRAL DIVISION

CASE NAME:

FERNANDES V. MUSIC GROUND, ET AL.

| CIVIL CASE COVER SHEET<br>☐ Limited   ☒ Unlimited | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER GIC 760656<br><br>ASSIGNED JUDGE |
|---|---|---|

*Please complete all five (5) items below.*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | ☐ Other employment (15) | ☐ Writ of mandate (02) |
|---|---|---|
| ☐ Auto (22) | **Contract** | ☐ Other judicial review (39) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Breach of contract warranty (06) | **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812)** |
| ☐ Asbestos (04) | ☐ Collections *(e.g., money owed, open book accounts)* (09) | ☐ Antitrust/Trade regulation (03) |
| ☐ Product liability (24) | ☐ Insurance coverage (18) | ☐ Construction defect (10) |
| ☐ Medical malpractice (45) | ☐ Other contract (37) | ☐ Claims involving mass tort (40) |
| ☐ Other PI/PD/WD (23) | **Real Property** | ☐ Securities litigation (28) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Eminent domain/inverse condemnation (14) | ☐ Toxic tort/Environmental (30) |
| ☒ Business tort/unfair business practice (07) | ☐ Wrongful eviction (33) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Civil rights *(e.g., discrimination, false arrest)* (08) | ☐ Other real property *(e.g., quiet title)* (26) | **Enforcement of Judgment** |
| ☐ Defamation *(e.g., slander, libel)* (13) | **Unlawful Detainer** | ☐ Enforcement of judgment *(e.g., sister state, foreign, out-of-county abstracts)* (20) |
| ☐ Fraud (16) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☒ Intellectual property (19) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Professional negligence *(e.g., legal malpractice)* (25) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Other non-PI/PD/WD tort (35) | **Judicial Review** | **Miscellaneous Civil Petition** |
| **Employment** | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| ☐ Wrongful termination (36) | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |

2. This case ☐ is  ☒ is not complex under rule 1800 of the California Rules of Court. If case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination and related actions pending in one or more courts
      issues that will be time-consuming to resolve               in other counties, states or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence        f. ☐ Substantial post-disposition judicial disposition

3. Type of remedies sought *(check all that apply)*:
   a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive

4. Number of causes of action *(specify)*:  SIX

5. This case ☐ is  ☒ is not   a class action suit.

Date:  January 8, 2001

Michael E. Moore
_____(TYPE OR PRINT NAME)_____          _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

---

### NOTICE

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 982 2.)
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet shall be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
982 2(b)(1) [Rev. January 1, 2000]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 982 2, 1800-1812
Standards of Judicial Administration, § 19

2000 (C) American LegalNet, Inc

EXHIBIT *E*

AO 120 (3/85)

| TO:<br><br>**Commissioner of Patents and Trademarks**<br>**Washington, D.C. 20231** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION REGARDING A PATENT** |
|---|---|

In compliance with the Act of July 19, 1952 (66 Stat. 814; 35 U.S.C. 290) you are hereby advised
that a court action has been filed on the following patent(s) in the U.S. District Court:

| DOCKET NO.<br>    01cv285JM(POR) | DATE FILED<br>    02/20/01 | U.S. DISTRICT COURT<br>        United States District Court, Southern District of California |
|---|---|---|
| PLAINTIFF<br><br>Fernandes Guitars International Inc | | DEFENDANT<br><br>Music Ground, et.al. |

| PATENT NO. | DATE OF PATENT | PATENTEE |
|---|---|---|
| 1 1,146,061 | 01/20/1981 | Fernandes Guitars |
| 2 2,005,047 | 10/01/1996 | Fernandes Guitars |
| 3 See attached Complaint | | |
| 4 | | |
| 5 | | |

In the above-entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment    ☐ Answer    ☐ Cross Bill    ☐ Other Pleading | | |
|---|---|---|---|
| **PATENT NO.** | **DATE OF PATENT** | **PATENTEE** | |
| 1 | | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following decision has been rendered or judgment issued:

| DECISION/JUDGMENT<br><br><br><br><br><br> | | |
|---|---|---|
| CLERK | (BY) DEPUTY CLERK | DATE |

Copy 1 - Upon initiation of action, mail this copy to Commissioner  Copy 3 - Upon termination of action, mail this copy to Commissioner
Copy 2 - Upon filing document adding patent(s), mail this copy to Commissioner  Copy 4 - Case file copy

# CIVIL COVER SHEET

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| FERNANDES GUITARS, INC. a California Corporation | Music Ground, Richard Harrison, Hiwattstory.com, Peter Martin, David Strelz, Vintage Guitars, Inc., et al. |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Los Angeles
EXCEPT IN U.S. PLAINTIFF CASES

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT N/A
South Yorkshire, England

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Michael E. Moore
3900 Fifth Avenue, Suite 310
San Diego, CA 92103
(619) 291-9644

ATTORNEYS (IF KNOWN)
Nancy O. Dix/Robert J. Hicks
GRAY GARY WARE & FREIDENRICH
401 B Street, Suite 1700
San Diego, CA 92101/(619) 699-3492

'01 CV 0285 JM (POR)

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
(For Diversity Cases Only) FOR PLAINTIFF AND ONE FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☑ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☑ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☑ 3 | Foreign Nation | ☐ 6 | ☑ 6 |

## IV. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23
**DEMAND $** 1,000,000
Check YES only if demanded in complaint.
**JURY DEMAND:** ☐ YES ☑ NO

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
This Court has original jurisdiction under 28 U.S.C. Section 1331, and 1332, and is one which may be removed by Defendants pursuant to 28 U.S.C. Section 1441(b).

## VII. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| OTHER STATUTES | CONTRACT | TORTS — PERSONAL INJURY | TORTS — PERSONAL INJURY | FORFEITURE/PENALTY | BANKRUPTCY |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Med Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability |  | ☐ 630 Liquor Laws | ☐ 820 Copyrights |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 830 Patent |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☑ 840 Trademark |
| ☐ 810 Selective Service | ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment Of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 861 HIA (1395ff) |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 862 Black Lung (923) |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract |  |  | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability |  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |
| ☐ 895 Freedom of Information Act | ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other |  |  |
| ☐ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  |  |
|  | ☐ 290 All Other Real Property |  | ☐ 555 Prison Condition |  |  |

## VIII.(a). IDENTICAL CASES:
Has this action been previously filed and dismissed, remanded or closed? X No ___ Yes
If yes, list case number(s): _____

Case 3:01-cv-00285-JM-POR Document 1 Filed 02/20/01 PageID.40 Page 40 of 42

# CIVIL COVER SHEET
*(Reverse Side)*

**AFTER COMPLETING THE FRONT SIDE OF FORM JS-44C, COMPLETE THE INFORMATION REQUESTED BELOW.**

**III(b). RELATED CASES:** *Have any cases been previously filed that are related to the present case?* X No ______ Yes

yes, list case number(s): ______

CIVIL CASES ARE DEEMED RELATED IF A PREVIOUSLY FILED CASE AND THE PRESENT CASE:

CHECK ALL BOXES THAT APPLY)

☐ A. Appear to arise from the same or substantially identical transactions, happenings, or events;
☐ B. Involve the same or substantially the same parties or property;
☐ C. Involve the same patent, trademark or copyright;
☐ D. *Call for determination of the same or substantially identical questions of law, or*
☐ E. Likely for other reasons may entail unnecessary duplication of labor if heard by different judges.

X. VENUE: List the California County, or State if other than California, in which **EACH** named plaintiff resides. (Use an additional sheet if necessary)

☐ CIES OR EMPLOYEES IS A NAMED PLAINTIFF.

Fer

Cos

List which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ CIES OR EMPLOYEES IS A NAMED DEFENDANT.

See

List which **EACH** claim arose. (Use an additional sheet if necessary).

NO tract of land involved.

X. S Date 2/20/01

NO vil Cover Sheet and the information contained herein neither replace nor

supp as required by law. This form, approved by the Judicial Conference of the United

Stat is not filed but is used by the Clerk of the Court for the purpose of statistics,

ven *instructions, see separate instructions sheet.)*

Key

NAT SUBSTANTIVE STATEMENT OF CAUSE OF ACTION

health insurance benefits (Medicare) under Title 18, Part A, of the Social s amended. Also, include claims by hospitals, skilled nursing facilities, etc., *n as providers of services under the program.* (42 U.S.C. 1935FF(b))

Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health of 1969. (30 U.S.C. 923)

by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g))

| | | |
|---|---|---|
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security *Act, as amended.* (42 U.S.C. (g)) |

# INSTRUCTIONS ᵢ   ATTORNEYS COMPLETING CIVIL COVE   HEET FORM JS-44

### Authority for Civil Cover Sheet

The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. (a)   PLAINTIFFS - DEFENDANTS. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a Government Agency use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official giving both name and title.

(b)   County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: in land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c)   Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.   JURISDICTION. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdiction be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States Plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States Defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal Question. (3) This refers to suits under 28 U.S.C. 1331 where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, and act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code take precedence and box 1 or 2 should be marked.

Diversity of Citizenship. (4) This refers to suits under 28 U.S.C. 1332 where parties are citizens of different states. When box 4 is checked, the citizenship of the different parties must be checked. (See Section III below) (Federal question actions take precedence over diversity cases.)

III.   RESIDENCE (CITIZENSHIP) OF PRINCIPAL PARTIES. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.   ORIGIN. Place an "X" in one of the seven boxes:

(1)   Original Proceedings. Cases which originate in the United States District Courts.

(2)   Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under 28 U.S.C. Section 1441. When the petition for removal is granted, check this box.

(3)   Remanded from Appellate court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

(4)   Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5)   Transferred from Another District. For cases transferred under Title 28 U.S.C. Section 1404(a). DO NOT use this for within-district transfers or multidistrict litigation transfers. When this box is checked, DO NOT check (6) below.

(6)   Multidistrict Litigation. Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, DO NOT check (5) above.

(7)   Appeal to District Judge from Magistrate Judge Judgment. Check this box for an appeal from a magistrate judge's decision.

V.   REQUESTED IN COMPLAINT.

Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VI.   CAUSE OF ACTION. Report the civil statute directly related to the cause of action and give a brief description of the cause of action.

VII.   NATURE OF SUIT. Place an "X" in the appropriate box. MARK ONE BOX ONLY. If the nature of suit cannot be determined, be sure the description of the cause of action in Section IV above is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause of action fits more than one nature of suit, select the most definitive.

VIII(a) IDENTICAL CASES. Indicate if an identical action has previously been filed and dismissed, remanded or closed. Insert the docket number and judge's name, if applicable.

VIII(b) RELATED CASES. This section of the CV-71 (JS-44) is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge's name for each case. Check all boxes that apply.

IX.   VENUE. This section of the CV-71 (JS-44) is used to identify the correct division in which the case will be filed. Please remember to indicate the residence of EACH plaintiff and defendant and the county or state in which each claim arose.

If the United States government or an agency thereof is a plaintiff or defendant, place an "X" in the appropriate box. Indicate the residence of other parties, if any.

In each category, for each party and claim, indicate the county, if in California. If other than California, you need only to list the state or country.

X.   Attorney or party appearing pro per must sign and date this form.

Attachment A

1.    Defendant Richard Harrison
      Residence:  England

2.    Defendant Music Ground
      Residence:  England

3.    Defendant Hiwattstory.com
      Residence:  Nevada

4.    Defendant Peter Martin
      Residence:  Nevada

5.    Defendant David Strelz
      Residence:  Nevada

6.    Defendant Alan Greenwood
      Residence:  North Dakota

7.    Defendant Vintage Guitars, Inc.
      Residence:  North Dakota